**9 P.(2d) 692**

**MOORE v. PHILLIPS PETROLEUM CO.**

**No. 3699.**

Supreme Court of New Mexico.

March 24, 1932.

Hervey, Dow, Hill & Hinkle, of Roswell, for appellant.

Zeb A. Stewart, of Carlsbad, for appellee.

BICKLEY, C. J.

Appellee, an employee of appellant, sued the latter to recover compensation for injuries received in the course of his employment. A referee was appointed to take the testimony, at which taking appellant appeared. The testimony of several witnesses on behalf of plaintiff was taken and transcribed by the referee and filed in the cause. Such testimony was not signed by the witnesses. The record recites that the witnesses were duly sworn by the referee, but no jurat is appended to the transcribed testimony of such witnesses. Later there was a hearing before the court in which various witnesses on behalf of both parties, and apparently copies of the transcribed testimony, taken by the referee, were also introduced and considered by the court without objection being made to any defects or irregularities in the taking or reporting of such testimony. The failure to object is sought to be excused on the grounds that the original files were not present in the court during the sessions thereof at the time and place of the hearing but were on file elsewhere. After argument of

counsel, the court announced that the cause would be taken under advisement and counsel for appellant departed from the city where the court hearing was held. On the following day, without notice to the defendant or its attorneys, and in the absence of defendant's attorneys, or any one representing the defendant, the court signed and caused judgment to be entered in favor of the plaintiff and against defendant. Counsel for appellant assert that the first knowledge they had of the rendition of such judgment was when they received a copy thereof through the mail. Thereafter, defendants filed a motion to set aside the judgment, which motion was entitled: "Motion to Set Aside Judgment and to Grant Defendant a Rehearing and an Opportunity to Request Specific Findings of Fact and Conclusions of Law, as Well as an Opportunity to Except to the Findings and Conclusions of the Court."

The motion is addressed to a consideration of a number of alleged errors in the court's findings and conclusions, which we do not now consider.

The prayer of the motion was as follows: "Wherefore, Defendant prays the court to set aside said judgment and to make and enter findings of fact and conclusions of law as requested by the Defendant, that are submitted simultaneously herewith, and to permit Defendant through its counsel to prepare and submit a proper judgment to the court for signature and in event of the court's refusal to enter such judgment that Defendant have an opportunity to except to each and all the provisions of any contrary judgment which the court might desire to enter, and that said judgment be set aside and the Defendant be given an opportunity to be heard with regard to the kind and character of the judgment to be entered in this cause, and to submit further evidence in said cause."

This motion was overruled, and counsel for appellant asserts, and it is not denied, that the court refused to permit the exceptions to the judgment tendered with the motion to set aside to be filed nunc pro tunc. Such exceptions were, however, filed in connection with the motion and appear in the transcript as a part of the record proper.

Appellant urges that the action of the court in overruling this motion was error to its prejudice. Even though we might treat the exceptions as having been timely made and proceed to consider the assignments of error based upon rulings of the court during the trial, it seems to us that if appellant had the right to notice of the intention of the court to enter judgment in order that it might tender requests for findings of fact and conclusions of law, and except and object to findings proposed to be made, it has a right to a review upon a record of the proceedings conducted as contemplated by the procedure act and which is sufficiently complete to enable this court to properly review the judgment. If we should review it upon an incomplete proceeding, and transcript thereof, and decide in favor of appellant, it would doubtless not complain. Appellant, however, has a right to insist upon its rights

at every stage of the proceeding and we do not regard it as a wise policy to search the record in order to ascertain whether appellant might prevail even in the face of procedural defects to its disadvantage. Therefore, with the exception of one point, we pass by the errors affecting the merits and go to the procedural question.

Such exception is appellant's sixth point, which it states as follows: "The Court erred in rendering Judgment for plaintiff based upon the testimony of P. H. Moore, Dr. Allen P. Terrell, R. H. Newman, Dr. Ben Ard and Dr. Sam H. Stewart for the reason that the testimony of said witnesses was taken down by referee and transcribed but was not in any case signed and sworn to by the witnesses as required by statute, and therefore was wholly incompetent."

It is true that the Workmen's Compensation Act, section 156-113, requires that where issue is joined on the pleadings in an action for recovery of compensation, a reference may be had for the taking of the testimony and that the referee shall cause all testimony of the witnesses offered in said cause to be reduced to writing and signed and sworn to by such witnesses. This is somewhat similar to the requirement of section 45-113 that officers taking depositions shall reduce the answers of the witnesses to writing and that the same shall be signed and sworn to by the witnesses. It is generally held, however, that the requirement that depositions be signed by the witnesses may be waived by the adverse party by failing to make timely objection to the irregularity. See 18 C. J., Depositions, 240; 4 Encyc. of Evidence, Depositions, pp. 546–548. Bowers on The Law of Waiver, at sections 417, 418 says: "As a general proposition, appearing and taking part in the examination of the witness is a waiver of all formal objections that might be remedied by amendment or retaking of the deposition. * * * It is the further general rule that objections to the manner and form of taking a deposition must be made at the time it is taken or they will be held waived. Such objections cannot be made for the first time at the trial."

In Davis v. Tarbutton, 35 N. M. 393, 298 P. 941, it was decided that an attorney of record may waive notice of intention to apply for order authorizing taking testimony by oral examination out of court. Appellant having participated in the examination of the witnesses and having permitted the court to consider the transcript of their testimony without objections to irregularity, it is too late to entertain such objection in the motion to set aside the judgment.

Appellee concedes that if the Code of Civil Procedure is applicable to the situation at hand, there is force to the contention of appellant that the court erred in refusing to sustain the motion to set aside the judgment. He urges, however, that the appellant's demand for an opportunity to have its exceptions to the proposed judgment of the court is of no avail and the denial thereof not prejudicial because the court in the judgment entered preserved exceptions to the defendant.

These exceptions are general and in the following language: "To all of which the defendant excepts." Such an exception alone preserves, ordinarily, no question for review in this court. Lewis v. Tipton, 29 N. M. 269, 222 P. 661. So this argument of appellee does not militate against appellant's contention.

He next urges that the Workmen's Compensation Act provides a special and exclusive procedure and that section 105-813 and section 105-845, 1929 Comp. St., being a part of the Procedure Act applying to civil causes generally, and the decisions construing same, have no application to the case at bar. Giving full force to the provisions of the Workmen's Compensation Act, §§ 156-105 and 156-113, 1929 Comp. St., that the act shall be construed as creating a new right and special procedure for the enforcement of the same and that actions for the recovery of compensation "shall be conducted in a summary manner as far as possible," we think that where the right of review of the proceedings in the district court is preserved, the trial of such causes must be conducted in a manner which will preserve such right to the losing party in accordance with the well-known principles governing the essentials of review as declared by our procedure acts and rules. A contention similar to that advanced by appellee was made in De Lost v. Phelps Dodge Corp., 33 N. M. 15, 261 P. 811, and was there repudiated.

The importance of adequate findings of fact and law made by the court and requested by the parties, and rulings of the court thereon, may not be overlooked. Morrow v. Martinez, 27 N. M. 354, 200 P. 1071. For the reasons stated, the judgment of the court will be reversed, and the cause remanded, with instructions to set aside the judgment, and upon due notice to the parties, make findings of fact and conclusions of law, and to render judgment thereon, permitting such objections and exceptions to the proceedings as may be duly made by the parties.

We call attention to paragraph 2 of rule X of the Rules of Appellate Procedure, relative to supplemental transcripts on second appeal which was formulated for the purpose of meeting situations in the nature existing in the case at bar, and it is so ordered.

WATSON and HUDSPETH, JJ., concur.

PARKER and SADLER, JJ., did not participate.