IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

Opinion Number: 2009-NMSC-006

Filing Date: February 12, 2009

Docket No. 30,747

ROSANNE BIANCO,

       Worker-Petitioner,

v.

HORROR ONE PRODUCTIONS,
AXIUM INTERNATIONAL, and
AIG GALLAGHER BASSETT SERVICES, INC.,

       Employer-Insurer-Respondents.


ORIGINAL PROCEEDING ON CERTIORARI
Gregory D. Griego, Workers' Compensation Judge

Narciso Garcia, Jr.
Albuquerque, NM

for Petitioner

Maestas & Suggett, P.C.
Paul Maestas
Albuquerque, NM

for Respondents

OPINION

MAES, Justice.

{1}    In this case, we determine whether NMSA 1978, Section 39-1-1 (1917), applies to workers' compensation cases when calculating the time for filing a notice of appeal. Rosanne Bianco (Worker) filed a motion for rehearing with the workers' compensation judge (WCJ), seeking reconsideration of the WCJ's final order. The WCJ denied the motion, and Worker filed a notice of appeal. Worker filed her appeal more than thirty days after the WCJ entered its final order but less than thirty days after the express denial of her motion for rehearing. We hold that the Workers' Compensation Administration Act (WCAA), NMSA 1978, §§ 52-5-1 to -22 (1987, as amended), incorporates Section 39-1-1 such that the time for filing Worker's notice of appeal did not begin to run until after the WCJ had disposed of Worker's motion. We therefore conclude that Worker's appeal was timely filed and remand to the Court of Appeals with direction to review the merits of Worker's appeal.

FACTS AND PROCEDURAL HISTORY

{2}    Worker filed a workers' compensation complaint for temporary total disability

1

benefits due to an occupational injury sustained while working for Horror One Productions, LLC (Employer). After a hearing on the merits, the WCJ found that all of Worker's medical care was reasonable and necessary for treatment of work-related conditions, except for Worker's psychological care and medications, which the WCJ found were not treating a work-related condition. The WCJ held that Employer and its insurer should pay for medical care related to Worker's physical injuries but should not pay for medical care related to Worker's psychological conditions. The WCJ entered a final compensation order on June 1, 2007.

**{3}** Worker filed a motion for reconsideration on June 28, 2007, challenging the WCJ's decision regarding her psychological care. As grounds for the motion, Worker cited diagnoses, treatment, and prescriptions of medications provided by two doctors following Worker's injury. Worker argued that, although she had prior psychological problems, the work related injury had caused her current conditions and symptoms. Worker did not cite or facially rely on any provision of the WCAA as grounds for her motion for reconsideration.

**{4}** The WCJ denied Worker's motion on August 14, 2007. The WCJ's order states in its entirety:

> THIS MATTER came before the Workers' Compensation Administration on a Motion for Reconsideration filed June 28, 2007.
>
> The Workers' Compensation Judge after review of the record in this matter determines that the Motion for Reconsideration simply restates the trial record in the above referenced case. As such the Motion for Reconsideration is denied.

Worker filed a notice of appeal on August 23, 2007, eighty-three days after the WCJ filed the final compensation order, but only nine days after the order denying Worker's motion for reconsideration.

**{5}** In its proposed summary disposition, the Court of Appeals determined that under the WCAA and the Rules of Appellate procedure, Worker was required to file her notice of appeal by July 2, 2007—within thirty days from the filing of the compensation order. *See* § 52-5-8(A); Rule 12-601(B) NMRA. In response, Worker argued that the provisions of Section 39-1-1 apply to her motion for reconsideration and her subsequent appeal. Worker argued that the WCJ had thirty days to render its decision on the motion, and Worker then had thirty days from the WCJ's decision to file a notice of appeal. Basing its analysis on Section 39-1-1's plain language, the Court of Appeals held that the statute does not apply to workers' compensation cases. To calculate the time allotted for filing an appeal, the Court relied solely on Rule 12-601(B) and held that Worker was required to file her notice of appeal within thirty days of the compensation order.[1] The Court dismissed Worker's appeal

---

[1] Rule 12-601(B) provides:

> B.    **Initiating the appeal.** Direct appeals from orders, decisions or actions of boards, commissions, administrative agencies or officials shall be taken by filing a notice of appeal with the appellate court clerk, together with the docket fee and proof of service thereof on the agency involved and all parties in accordance with Rule 12-307

2

as untimely.

## DISCUSSION

**{6}** Worker petitioned this Court to determine whether Section 39-1-1 applies to workers' compensation cases. This question involves the interpretation and application of statutes and court rules, which we review de novo. *Cook v. Anding*, 2008-NMSC-035, ¶ 7, 144 N.M. 400, 188 P.3d 1151.

**{7}** Section 39-1-1 provides that the district court retains control over a final judgment for thirty days. Section 39-1-1 reads in pertinent part:

> Final judgments and decrees, entered by district courts in all cases tried pursuant to the provisions of this section shall remain under the control of such courts for a period of thirty days after the entry thereof, and for such further time as may be necessary to enable the court to pass upon and dispose of any motion which may have been filed within such period, directed against such judgment; provided, that if the court shall fail to rule upon such motion within thirty days after the filing thereof, such failure to rule shall be deemed a denial thereof; and, provided further, that the provisions of this section shall not be construed to amend, change, alter or repeal the provisions of Sections 4227 or 4230, Code 1915.

We begin our analysis by discussing the way in which Section 39-1-1 affects the timeliness of appeals from district courts.

**{8}** Section 39-1-1 works in conjunction with our procedural rule governing the timeliness of appeals, Rule 12-201 NMRA, which provides that a party may take an appeal as of right "within thirty (30) days after the judgment or order appealed from is filed." Rule 12-201(A)(2). Subsection (D) of that rule incorporates Section 39-1-1's provisions explicitly, allowing the district court to rule on post-judgment motions without interfering with the moving party's right to appeal:

> If a party timely files a motion pursuant to Section 39-1-1 NMSA 1978, . . . the full time prescribed in this rule for the filing of the notice of appeal shall commence to run and be computed from the entry of an order expressly disposing of the motion.

Rule 12-201(D). Therefore, a party is entitled to an express or constructive disposition on a post-judgment motion directed at a district court's final judgment before the thirty day time period to file a notice of appeal begins to run.

---

> NMRA within thirty (30) days from the date of the order, decision or action appealed from. Thereafter, within thirty (30) days of the filing of the notice of appeal, the appellant shall file a docketing statement in the Court of Appeals or a statement of the issues in the Supreme Court in accordance with Rule 12-208 NMRA and the appeal shall thereafter proceed in accordance with these rules, notwithstanding any provision of law to the contrary.

**{9}** In an appeal from a WCJ's final order, a party's right to an appeal and the courts' jurisdiction to hear that appeal are conferred by the Legislature. *State ex rel. Pilot Dev. Nw., Inc. v. State Health Planning & Dev. Bureau*, 102 N.M. 791, 797, 701 P.2d 390, 396 (Ct. App. 1985) ("This court has no jurisdiction to consider appeals from administrative decisions absent a statute authorizing an appeal."). In the present case, the Court of Appeals held that Section 39-1-1 does not apply to an appeal from a workers' compensation order because its plain language limits the statute to "[f]inal judgments and decrees, entered by district courts." However, the WCAA governs the parties' rights to appellate review of the WCJ's final order. Therefore, the applicability of Section 39-1-1 to workers' compensation appeals must be viewed through the lens of the WCAA.

**{10}** Section 52-5-8 of the WCAA provides for the right of judicial review of the WCJ's ruling:

> A. Any party in interest may, within thirty days of mailing of the final order of the workers' compensation judge, file a notice of appeal with the court of appeals.
>
> B. A decision of a workers' compensation judge is reviewable by the court of appeals *in the manner provided for other cases* and is subject to stay proceedings as provided by the rules of civil procedure for the district courts . . . .

(Emphasis added). By providing for appellate review of a WCJ's decision "in the manner provided for other cases," the Legislature incorporated the statutory and appellate scheme for taking appeals from district courts into workers' compensation cases. Therefore, we hold that Section 39-1-1 applies to workers' compensation cases.

**{11}** This holding is consistent with our earlier case law in which we have held that certain procedural statutory provisions apply to actions for recovery of compensation under the Workmen's Compensation Act (predecessor to the WCAA). *Moore v. Phillips Petroleum Co.*, 36 N.M. 153, 157, 9 P.2d 692, 694 (1932). In *Moore*, this Court considered whether NMSA 1978, Section 39-1-2 (1897), should apply to workers' compensation cases.[2] *Id.* The worker in that case argued that the Workmen's Compensation Act provides for "special and exclusive" procedures such that procedural statutes applying to civil cases generally do not apply to workers' compensation cases. *Id.* This Court held that, to give full force to the Workmen's Compensation Act, the action, though governed by the Act, should be conducted "in accordance with the well-known principles governing the essentials of review as declared

---

[2] Section 39-1-2 provides:

> Upon any hearing before the judge of a court, wherein the judgment of the court upon such hearing shall not be rendered at the time of such hearing, but shall be taken under advisement by the judge, no judgment or order relative to the matters pertaining to such hearing shall be entered until notice of the same shall have been given to the attorneys for the respective parties in the action.

4

by our procedure acts and rules." *Id.*

**{12}** In the present case, Worker filed her motion for reconsideration within thirty days of the compensation order. Worker then filed her notice of appeal within thirty days of the express denial of that motion. Worker's appeal was timely because Section 39-1-1 provides for the retention of jurisdiction in the WCJ for a period of thirty days to rule on post-judgment motions and because Rule 12-201(D) provides that the time for filing a notice of appeal does not begin to run until the express denial of such motions.

**CONCLUSION**

**{13}** For the above reasons, we remand this case to the Court of Appeals for a review of Worker's appeal on the merits.

**{14}  IT IS SO ORDERED.**

 

**PETRA JIMENEZ MAES, Justice**

**WE CONCUR:**

**EDWARD L. CHÁVEZ, Chief Justice**

**PATRICIO M. SERNA, Justice**

**RICHARD C. BOSSON, Justice**

**CHARLES W. DANIELS, Justice**

**Topic Index for *Bianco v. Horror One Productions*, No. 30,747**

**AL          ADMINISTRATIVE LAW AND PROCEDURE**
AL-JR       Judicial Review
AL-LI       Legislative Intent

**AE          APPEAL AND ERROR**
AE-AP       Appellate Rules and Procedure
AE-TA       Timeliness of Appeal

**WC          WORKERS' COMPENSATION**
WC-WG       Workers' Compensation, General