This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**MICHAEL WALKER,**

     Worker-Appellee,

**v.**                                                                 **No. 30,446**

**AMS STAFF LEASING and DALLAS NATIONAL INSURANCE COMPANY,**

     Employer/Insurer-Appellants,

**and**

**MILLER VAN LINES,**

     Employer,

**and**

**NEW MEXICO UNINSURED EMPLOYERS' FUND,**

     Statutory Payor.

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION**
**Gregory D. Griego, District Judge**

Benito Sanchez
Albuquerque, NM

for Appellee

Paul L. Civerolo, LLC
Albuquerque, NM

for Appellants

**MEMORANDUM OPINION**

**SUTIN, Judge.**

Employer AMS Staff Leasing and Insurer (hereinafter referred to as AMS Staff Leasing) appeal from the Workers' Compensation Administration's (WCA's) compensation order entered in favor of Worker. We issued a notice of proposed summary disposition, proposing to dismiss. AMS Staff Leasing filed a response to our notice. We have considered the response and remain persuaded that the compensation order is not final by virtue of the motion to reconsider filed by the Uninsured Employer's Fund (UEF). We, therefore, dismiss.

In our notice, we proposed to hold that the compensation order cannot be considered final and appealable because the UEF filed a post-judgment motion that could alter or amend the order. We noted that this Court's jurisdiction lies from final, appealable orders. *Kelly Inn No. 102, Inc. v. Kapnison*, 113 N.M. 231, 234, 824 P.2d 1033, 1036 (1992); *see Montoya v. Anaconda Mining Co.*, 97 N.M. 1, 4, 635 P.2d 1323, 1326 (Ct. App. 1981) (observing that an appellate court will raise jurisdictional questions on its own motion), *overruled on other grounds as recognized by San Juan 1990-A., L.P. v. El Paso Prod. Co.*, 2002-NMCA-041, 132 N.M. 73, 43 P.3d 1083.

An order is final if all issues of law and fact necessary to be determined have been determined and the case was disposed of by the district court to the fullest extent possible. *See Kelly Inn*, 113 N.M. at 236, 824 P.2d at 1038. When a post-judgment motion is filed that could alter, amend, or moot the judgment, the judgment is no longer final for purposes of appeal, and the time for filing a notice of appeal begins to run from the filing of the order disposing of the post-judgment motion. *See Grygorwicz v. Trujillo*, 2009-NMSC-009, ¶ 8, 145 N.M. 650, 203 P.3d 865 (holding that "when a party makes a motion challenging the district court's determination of the rights of the parties contained in the [final order, the order is no longer] final, and the time for filing an appeal does not begin to run, until the district court disposes of the motion").

We stated that the UEF's motion to reconsider related to costs of the independent medical examination (IME) and discovery expenses, and that a decision on the motion would relate to the substance of the action and would affect the compensation order in this case. [RP 355-58] Specifically, the costs issue depends at least in part upon the WCA's ruling that AMS Staff Leasing was Worker's employer at the time of the accident. Because it appears to us that the UEF timely filed a motion that challenges the workers compensation judge's (WCJ's) determination of the parties' rights and obligations, *see Bianco v. Horror One*

*Productions*, 2009-NMSC-006, ¶¶ 9-10, 145 N.M. 551, 202 P.3d 810, AMS Staff Leasing has filed a notice of appeal from a non-final order and should wait to file an appeal until the WCJ disposes of this motion. *See* Rule 12-201(D) NMRA (providing that a motion under Rule 1-059(E) NMRA is no longer automatically deemed denied by the passage of time, and, if timely filed, it extends the time to file a notice of appeal until after the district court rules on the motion).

In response to our notice, AMS Staff Leasing explains the rulings contained in the compensation order and asserts that the order adjudicated all rights and responsibilities of the parties as set forth in the pretrial order. [MIO 4-5] We must view the compensation order in light of the motion to reconsider it, however, and determine whether the motion might alter or amend the compensation order. *See Grygorwicz*, 2009-NMSC-009, ¶ 8. AMS Staff Leasing asserts without elaboration that all rights and responsibilities have been fully decided by the compensation order and the motion to reconsider relates to ancillary matters. [Id.] We are not persuaded.

Our review of the record indicates that if the WCJ grants UEF's motion to reconsider the compensation order, then the WCJ would require AMS Staff Leasing to reimburse UEF for costs. This speculation is premised on the WCJ finding that AMS Staff Leasing was the insured employer at the time of the accident, a ruling that is challenged in this appeal. Thus, it appears that the motion to reconsider reopened

4

the compensation order for alteration, placed into question additional rights and responsibilities of the parties not expressly addressed in the order, and thereby destroyed the finality of the compensation order. Also, our policies against piecemeal appeals and possibly inconsistent results warn against the finality of the compensation order. *See Handmaker v. Henney*, 1999-NMSC-043, ¶ 7, 128 N.M. 328, 992 P.2d 879 ("The principle of finality serves a multitude of purposes, including the prevention of piecemeal appeals and the promotion of judicial economy.").

AMS Staff Leasing also complains that if we "delay or defer the alleged finality or appealability" of a judgment for "some ancillary proceeding[,] . . . then . . . litigants will never essentially know when an [o]rder is deemed 'final' for purposes of the appeal." [MIO 4] We disagree. The Supreme Court has clearly declared by rule and case law that under "Rule 12-201(D) . . . if a party makes a post-judgment motion directed at the final judgment pursuant to Section 39-1-1, the time for filing an appeal does not begin to run until the district court enters an express disposition on that motion." *Grygorwicz*, 2009-NMSC-009, ¶ 8.

Because the response of AMS Staff Leasing has not persuaded this Court that the compensation order is final despite UEF's motion to reconsider, we dismiss this appeal.

**IT IS SO ORDERED.**

_____

**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**


_____
**CELIA FOY CASTILLO, Judge**


_____
**MICHAEL E. VIGIL, Judge**