This memorandum opinion was not selected for publication in the New Mexico Reports.  Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**FRANK E. DUTCHER**,

Worker-Appellee,

v.                                                                                  **NO.   30,854**

**LABOR CONCEPTS, INC.**
**and DALLAS NATIONAL**
**INSURANCE COMPANY**,

Employer/Insurer-Appellant.

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION**
**Gregory D. Griego, Workers' Compensation Judge**

Gerald A. Hanrahan
Albuquerque, NM

for Appellee

Paul L. Civerolo, L.L.P.
Paul L. Civerolo
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

Employer appeals a compensation order. In our notice, we proposed to dismiss the appeal as the record indicated that Employer had filed a complaint and had the case reopened. Employer has timely responded. We have considered its arguments and not being persuaded, we dismiss.

Employer argues that the order it appealed from is a final, appealable order as it adjudicates the respective rights between the "current" parties. While it is true that the only parties to this case are Worker and Employer, it appears that the issue regarding the status of Wilger Enterprises in relation to Worker's job was raised and litigated. The Worker's Compensation Judge (WCJ) found that Wilger was a special employer. [RP 67, 122-123] However, because Wilger had not been made a party to the action, the WCJ did not rule on its liability. After the compensation order was entered, Employer filed its complaint to bring Wilger into the case and ask the WCJ to determine its liability.

We view that complaint as having the effect of reopening the case, thus making the compensation order non-final. *See Bianco v. Horror One Prods.,* 2009-NMSC-006, 145 N.M. 551, 202 P.3d 810 (allowing for the filing of motions for reconsideration in workers' compensation cases and determining that an appeal filed after the ruling on the motion was timely). Until the WCJ rules on the matters raised in Employer's complaint, the compensation order is not final. *Cf. Grygorwicz v.*

*Trujillo*, 2009-NMSC-009, ¶ 8, 145 N.M. 650, 203 P.3d 865 (stating that when a post-judgment motion is filed that could alter or amend a judgment, the judgment is no longer final for purposes of appeal).

Employer contends that its complaint is collateral to the underlying action and the compensation order. We disagree. The docketing statement raises as issues from the compensation order alleged error on the part of the WCJ in awarding safety device increases and sanctions against it when it was Wilger's responsibility to provide the safety devices. [DS 12-13] Thus, clearly, Wilger's liability in this matter is not collateral to Worker's case against Employer.

Employer argues that we should look to the substance, rather than the form, in determining finality. We agree. However, in this case where issues of liability between two employers remain undecided, we believe that substance is ruling our determination.

Employer also argues that it is bad policy to delay the appeal here as parties will never know when an order is final for the purposes of appeal and will file appeals from every order in an abundance of caution, so as not to lose their right to appeal. The purpose of the requirement for finality before appeal is so that the appellate courts do not get pieces of cases to decide and so that cases below are not held up while on appeal. *See Exec. Sports Club, Inc. v. First Plaza Trust*, 1998-NMSC-008, ¶ 11, 125

N.M. 78, 957 P.2d 63 (stating the principle of finality serves a multitude of purposes, including the prevention of piecemeal appeals and the promotion of judicial economy). The appellate courts want cases to be finally decided for all intents and purposes, so that they can consider all issues relevant to the case.

Here, Employer's docketing statement raises several issues relating to the liability for the safety device penalty. But, Employer has also requested that the WCJ rule on the same issues: Who should be liable for the safety device increase and penalty? There is no reason for this Court to rule on the matter when the WCJ has been asked to rule on it. It is possible that the WCJ might rule in such a way that the issue does not need to be addressed by this Court. Once the WCJ rules on Employer's complaint, a final compensation order will be filed and Employer may appeal from that order.

For the reasons stated herein and in the notice of proposed disposition, we dismiss the appeal.

**IT IS SO ORDERED**.

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____

**JONATHAN B. SUTIN, Judge**

_____

**LINDA M. VANZI, Judge**