This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**DANIEL HERRERA,**

Worker-Appellee,

**v.**                                                                             **No. 32,387**

**ZANIOS FOODS AND FOOD INDUSTRIES SELF INSURANCE FUND OF NEW MEXICO,**

Employer/Insurer-Appellant.

**APPEAL FROM THE WORKERS COMPENSATION ADMINISTRATION**
**David L. Skinner, Workers' Compensation Judge**

Daniel Herrera
Albuquerque, NM

Pro Se Appellee

H. Jesse Jacobus III
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**SUTIN, Judge.**

Employer/Insurer appeals from a compensation order awarding Worker benefits. This Court issued a notice of proposed summary disposition proposing to dismiss the appeal for lack of a final order. Specifically, we noted that the compensation order was entered on July 12, 2012, and a motion for reconsideration was filed on August 7, 2012. [CN 2] We further noted that the record before this Court did not indicate that Employer/Insurer's motion for reconsideration was ruled on. [Id.] We therefore proposed to dismiss for lack of a final order. *See Bianco v. Horror One Productions*, 2009-NMSC-006, ¶ 12, 145 N.M. 551, 202 P.2d 810 (holding that the time for filing the worker's notice of appeal did not begin to run until an express denial of the post-judgment motion was entered).

Employer/Insurer has filed a response to this Court's notice of proposed summary disposition, stating that it concurs with this Court's notice provided that the Court is concluding Employer/Insurer timely filed its motion for reconsideration under NMSA 1978, Section 39-1-1 (1917). Given that Employer/Insurer's motion does not reference a specific rule of procedure, it may be properly considered as a motion falling within the purview of Section 39-1-1. *See, e.g.*, *Albuquerque Redi-Mix, Inc. v. Scottsdale Ins. Co.*, 2007-NMSC-051, ¶¶ 7-10, 142 N.M. 527, 168 P.3d 99 (recognizing that, when considering how a post-judgment motion should be characterized, nomenclature is not controlling and instead the determinative factor is

the time frame in which the motion was filed). Because Employer/Insurer filed a timely motion for reconsideration that the workers' compensation judge has not yet ruled on, we dismiss for lack of a final order.

Furthermore, we note that Worker filed a motion requesting that this Court dismiss Employer/Insurer's appeal. This Court denied Worker's motion in our notice of proposed disposition on the ground that Worker had failed to state a valid basis for dismissal. Worker has filed a motion asking this Court to reconsider its denial of his motion for reconsideration, asserting the same grounds as in his original motion to dismiss. Worker's motion for reconsideration is denied. Employer/Insurer's appeal is dismissed for lack of a final order.

**IT IS SO ORDERED.**

_____

**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____

**JAMES J. WECHSLER, Judge**

_____

**LINDA M. VANZI, Judge**