This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**MICHAEL LEVAN,**

Worker-Appellee,

v.                                                                    **NO.  33,301**

**HAYES TRUCKING AND CONCRETE,**
**INC., AND GREAT WEST CASUALTY**
**COMPANY,**

Employer/Insurer-Appellants.

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION**
**Leonard J. Padilla, Workers' Compensation Judge**

Gordon E. Berman
Las Cruces, NM

for Appellee

Maestas & Suggett, PC
Paul Maestas
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

{1}     Employer/Insurer appeals from the compensation order awarding Worker benefits. We issued a calendar notice proposing to dismiss for lack of finality. Employer has filed a response, and Worker has filed a memorandum in opposition. We dismiss the appeal.

{2}     The compensation order was entered on August 1, 2013. [RP 172] Employer/Insurer filed a motion for reconsideration on August 30, 2013. [RP 188] The Worker's Compensation Judge issued an order on October 17, 2013, that did not reach the merits of the motion, but rather deemed it to be denied by operation of law under NMSA 1978, Section 39-1-1 (1917). Employer/Insurer then filed a notice of appeal with this Court on October 28, 2013.

{3}     "[O]ur appellate jurisdiction is limited to review of 'any final judgment or decision, any interlocutory order or decision which practically disposes of the merits of the action, or any final order after entry of judgment which affects substantial rights[.]'" *Capco Acquisub, Inc. v. Greka Energy Corp.*, 2007-NMCA-011, ¶ 17, 140 N.M. 920, 149 P.3d 1017 (citing NMSA 1978, § 39-3-2 (1966)). When a post-judgment motion is filed that could alter, amend, or moot the judgment, the judgment is no longer final for purposes of appeal, and the time for filing a notice of appeal begins to run from the filing of the order disposing of the post-judgment motion. *See*

*Grygorwicz v. Trujillo*, 2009-NMSC-009, ¶ 8, 145 N.M. 650, 203 P.3d 865; *Dickens v. Laurel Healthcare LLC*, 2009-NMCA-122, ¶ 6, 147 N.M. 303, 222 P.3d 675. Our Supreme Court has held that this principle also applies in workers' compensation cases. *See Bianco v. Horror One Productions*, 2009-NMSC-006, ¶ 12, 145 N.M. 551, 202 P.3d 810 (holding that the time for filing the worker's notice of appeal did not begin to run until an express denial of the post-judgment motion was entered). It appears that the WCJ misconstrued *Bianco* with respect to Section 39-1-1. Although that section retains jurisdiction in the WCA for a period of 30 days after the entry of the compensation order, it does not deny such motions by operation of law at the end of that period; instead, the motion must be ruled on before the time for running the notice of appeal commences. *See Bianco*, 2009-NMSC-006, ¶ 12. Accordingly, because the WCJ never ruled on the merits, we lack a final, appealable order. In light of the fact that the notice of appeal was prematurely filed in this case, we decline Employer/Insurer's request that we instruct the WCJ to rule on the motion within a given time frame.

{4}     **IT IS SO ORDERED.**


_____
**M. MONICA ZAMORA, Judge**

3

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**J. MILES HANISEE, Judge**