This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**MARIA A. RIVERO,**

Worker-Appellee,

v. **NO. 33,377 consolidated with 33,519**

**ST. VINCENT HOSPITAL and**
**HOSPITAL SERVICES CORPORATION,**

Employer-Insurer-Appellants.

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION**
**David L. Skinner, Workers' Compensation Judge**

Gerald A. Hanrahan
Albuquerque, NM

for Appellee

Hale & Dixon PC
Timothy S. Hale
Albuquerque, NM

for Appellants

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

{1}    St. Vincent Hospital and its insurer (collectively, "Employer") appeal a workers' compensation judge's (WCJ) order awarding compensation to Worker. In

our notice of proposed summary disposition, we proposed to affirm. Employer has filed a memorandum in opposition, as well as a document that we have construed as a motion to amend the docketing statement, both of which we have duly considered. As we do not find Employer's arguments to be persuasive, we deny its motion to amend and we affirm.

**Credit for Benefits Paid**

{2}    In Employer's docketing statement, Employer argued that the WCJ erred in failing to credit Employer for benefits paid for an initial injury against benefits due for a second injury. [DS 8] In support of this claim of error, Employer relied on cases involving circumstances where a different employer or insurer is liable for the second accident than was liable for the first, such that the second employer or insurer should not be responsible for injuries occurring when the worker was employed by or insured by another entity. [DS 9-11] We pointed out that those authorities appeared to be inapplicable as that did not appear to be what had occurred here. However, Employer had also alleged at trial that Worker had suffered even earlier workplace injuries, presumably while working for other employers. [RP 710, 711] Therefore, we stated that to the degree that Employer sought to argue that Employer is entitled to an offset for benefits paid for these prior injuries, Employer did not explain what these were or describe the evidence presented regarding these prior injuries. Finally, we noted that

although Employer cited NMSA 1978, Section 52-1-47(D) (1990) in its docketing statement, it did not appear that Employer raised an argument regarding its claim of entitlement to a credit based on that statute before the WCJ, and therefore had failed to preserve the issue. *See Wagner v. AGW Consultants*, 2005-NMSC-016, ¶ 22, 137 N.M. 734, 114 P.3d 1050 (stating that "because this issue was not raised and briefed by the parties below, [the appellate court] will not consider it for the first time on appeal"). Because Employer had failed to make its claim of error clear or to demonstrate that its arguments were supported by evidence in the record, we proposed to conclude that Employer had failed to demonstrate error. *See Headley v. Morgan Mgmt. Corp.*, 2005-NMCA-045, ¶ 15, 137 N.M. 339, 110 P.3d 1076 ("We will not review unclear arguments, or guess at what [a party's] arguments might be.").

{3}	In Employer's memorandum in opposition, Employer takes a new tack, now arguing that although the compensation order provides Employer with a credit against liability to pay temporary disability benefits based on Employer's payment of weekly compensation of benefits from the date of Worker's first accident forward, the order nevertheless "appears to violate" Section 52-1-47(B), which provides that "compensation benefits for any combination of disabilities . . . shall not exceed an amount equal to seven hundred multiplied by the maximum weekly compensation payable at the time of the accidental injury resulting in disability . . . exclusive of

increased compensation that may be awarded" for failure of an employer to use safety devices, death benefits, and attorney fees. This is a new argument, and we therefore treat Employer's presentation of it as a motion to amend the docketing statement.

{4}     The essential requirements to show good cause for our allowance of an amendment to an appellant's docketing statement are: (1) that the motion be timely, (2) that the new issues sought to be raised were either (a) properly preserved below or (b) allowed to be raised for the first time on appeal, and (3) the issues raised are viable. *See State v. Moore*, 1989-NMCA-073, ¶ 42, 109 N.M. 119, 782 P.2d 91, *overruled on other grounds by State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730. First, we note that it does not appear that Employer preserved any argument before the WCJ based on Section 52-1-47(B), and therefore the matter is not properly before this Court. Even if it did so, on appeal, Employer does not provide this Court with any calculations or analysis to support its belief that the order "appears to violate" this statute. And if Employer is not certain, it is not this Court's responsibility to persuade. We therefore conclude that Employer has failed to demonstrate that this is a viable issue and we deny the motion to amend.

**Worker's Alleged Refusal to Return to Work After an Offer of Modified Employment**

{5}     Employer contends that the WCJ erred in failing to terminate Worker's benefits due to Worker's refusal to return to work after Employer offered modified

4

employment. [DS 8-9] In our notice of proposed summary disposition, we proposed to decline to address this issue because it did not appear that it had been preserved. [*See* RP 665 (pretrial order limiting the contested issues at trial); RP 706 (Employer's requested findings and conclusions)]

{6}    In Employer's memorandum in opposition, Employer points to its proposed findings of fact, in which it asserted that "Worker is collecting social security and despite being released to return to work has not sought employment." [MIO 5-6 (citing RP 706 FOF 23)] This proposed finding simply does not present the issue raised in Employer's docketing statement. Most notably, nothing in this proposed finding suggests that Employer actually offered Worker modified employment. Accordingly, we conclude that this issue was not properly preserved.

**Sufficiency of the Evidence**

{7}    Employer contends that the evidence was insufficient to support the judgment in this case. [DS 8] In our notice of proposed summary disposition, we explained that, to the degree that Employer's argument was based on its contention that Worker was not credible, credibility is for the WCJ to determine, and does not provide a basis for reversal on appeal. *See Moya v. City of Albuquerque,* 2008-NMSC-004, ¶ 6, 143 N.M. 258, 175 P.3d 926 (stating that it is for the WCJ as the fact-finder to assess credibility and weigh the evidence). In Employer's memorandum in opposition, it continues to

argue that Worker was not credible. [MIO 7-10] However, as credibility was a matter for the WCJ to determine, we hold that the evidence was sufficient to support Worker's description of events.

**Employer's Motion to Amend the Docketing Statement**

{8}     After Employer filed its original appeal in this case, Employer filed a second appeal, attempting to address other issues arising from the same proceedings before the WCJ. This Court consolidated the two cases, and we treat the second docketing statement, which was filed in case No. 33,519 prior to consolidation, as a motion to amend the original docketing statement filed in this case.

{9}     In its motion to amend, Employer first argues that the WCJ erred in considering Worker's second motion for reconsideration and clarification, because Employer contends that the motion was untimely since it was not filed within ten days of the amended judgment on Worker's first motion. [Second DS 9, 10-11] However, the law does not support this claim of error. Within thirty days after the WCJ filed its original compensation order, Worker filed a motion for clarification and reconsideration. [RP 719] That motion was timely pursuant to NMSA 1978, Section 39-1-1 (1917). *See Bianco v. Horror One Productions*, 2009-NMSC-006, ¶ 10, 12, 145 N.M. 551, 202 P.3d 810 (holding that Section 39-1-1 applies to workers' compensation cases, and that when a Section 39-1-1 motion is filed, it tolls the time for filing a notice of appeal

pursuant to Rule 12-201 NMRA). The WCJ then filed an order granting Worker's motion. [RP 726] Because the amended order did not address certain aspects of Worker's original motion for clarification and reconsideration, Worker filed a second motion for clarification and reconsideration within thirty days of the order granting her first motion. [RP 730] This motion was also timely filed pursuant to Section 39-1-1, and tolled the time for filing the notice of appeal until the district court entered an express ruling on the motion. *See* Rule 12-201(D) NMRA (prior to 2013 amendments). As the second motion need not have been filed within ten days of the first order amending the judgment, this issue presents no claim of error on appeal.

{10} Employer then asserts that the WCJ erred in addressing Worker's second motion for reconsideration and clarification despite the fact that Employer had already filed a notice of appeal. [Second DS 10, 11-12] However, because Worker had already filed her second motion for reconsideration and clarification at the time that Employer filed its notice of appeal, the notice of appeal was premature, because no final order had yet been entered resolving the motion. The notice of appeal therefore did not deprive the district court to rule on the motion for reconsideration. *See In re Byrnes*, 2002-NMCA-102, ¶ 39, 132 N.M. 718, 54 P.3d 996 ("An appeal from a manifestly non-final order cannot divest a court of jurisdiction. Otherwise a litigant could temporarily deprive a court of jurisdiction at any and every critical juncture." (internal

quotation marks and citations omitted)). *Cf. State v. McClaugherty*, 2008-NMSC-044, ¶¶ 21-24, 144 N.M. 483, 188 P.3d 1234 (holding that a notice of appeal from a final order filed *before* a motion to reconsider divested the district court of jurisdiction to consider the motion).

{11}     Employer argues that the WCJ erred in finding that Employer made the initial selection of a healthcare provider for Worker's second injury. [Second DS 10, 12-13] However, Worker's motion to amend fails to discuss any of the evidence relevant to the district court's determination [Second DS 8], and therefore provides no basis for this Court's review of the issue. *See* Rule 12-213(A)(4) ("A contention that a . . . finding of fact is not supported by substantial evidence shall be deemed waived unless the argument identifies with particularity the fact or facts that are not supported by substantial evidence[.]"); *Martinez v. Sw. Landfills, Inc.*, 1993-NMCA-020, ¶ 18, 115 N.M. 181, 848 P.2d 1108 (stating that where the appellant fails to "include the substance of all the evidence bearing upon a proposition," the Court of Appeals will not consider a challenge to the sufficiency of the evidence).

{12}     Employer also asserts that the WCJ erred in finding that Worker is entitled to a 10% enhancement of her indemnity benefits as a result of Employer's failure to supply appropriate warning devices. [Second DS 10, 13] However, Employer acknowledges that Worker testified that she did not see any warning signs or devices,

and Employer points to no contrary evidence that might establish, under whole record review, that such signs were provided. [Second DS 8] Viewing that evidence in the light most favorable to the WCJ's determination, it was sufficient to establish that such signs were not present.

{13}     Finally, Employer contends that there was insufficient evidence to support the WCJ's order on Worker's second motion for reconsideration and clarification [Second DS 10, 14-15] In that order, the WCJ determined that Employer made the initial selection of a healthcare provider and that Employer was liable for failing to supply appropriate warning signs or devices. [RP 746-47] We have already explained that Employer has failed to present a claim of error with respect to these two issues.

{14}     Because none of the issues Employer seeks to add to its original docketing statement are viable, we deny Employer's motion to amend. *See Moore*, 1989-NMCA-073, ¶ 42.

{15}     Accordingly, for the reasons stated here and in our notice of proposed summary disposition, we affirm.

{16}     **IT IS SO ORDERED.**


_____
**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

9

_____

**JONATHAN B. SUTIN, Judge**


_____

**TIMOTHY L. GARCIA, Judge**