2008-NMSC-004

175 P.3d 926

**Christopher R. MOYA, Worker–Petitioner,**

v.

**CITY OF ALBUQUERQUE, Employer–Respondent.**

No. 30,343.

Supreme Court of New Mexico.

Dec. 20, 2007.

Gerald A. Hanrahan, Albuquerque, NM, for Petitioner.

Butt, Thornton & Baehr, P.C., Carlos G. Martinez, Emily A. Franke, Albuquerque, NM, for Respondent.

## OPINION

SERNA, Justice.

{1} The sole issue before us is whether substantial evidence supports the Workers' Compensation Judge's (WCJ) physical capacity finding that Christopher R. Moya's (Worker) job as a correctional officer required only "medium" physical capacity. Based on our review of the whole record, we conclude that Worker's job required "heavy" physical capacity. Accordingly, we reverse the Court of Appeals and remand to the WCJ for a recalculation of Worker's physical capacity modification.

## I. FACTUAL BACKGROUND

{2} The facts of this case were sufficiently detailed in the underlying Court of Appeals opinion. *See Moya v. City of Albuquerque,* 2007–NMCA–057, ¶¶ 2–3, 141 N.M. 617, 159 P.3d 266. Worker was employed by the City of Albuquerque (Employer) as a correctional officer at the Bernalillo County Metropolitan Detention Center. *Id.* ¶¶ 1, 2.

He was injured on February 25, 2004. Worker testified that three inmates, who he understood had started a riot at another correctional facility, were being transferred to the detention center. With full knowledge by supervisors, a "welcoming party" had been planned to let the troublesome inmates know that such behavior would not be tolerated. Worker testified that the first inmate was brutally beaten by as many as fifteen or twenty correctional officers. Worker said he objected but

was told by a superior officer to "shut the hell up." While Worker was escorting a beaten inmate out of the area, Worker was injured when he was struck by a fellow officer in the neck and shoulder region. Worker's claim was that he was accidentally struck when the officer was trying to strike the inmate whom Worker was escorting.

Following the incident, there was an internal affairs investigation. Worker said he was pressured by superior officers to alter his testimony about the beatings, but he said he testified truthfully about the beatings in the internal affairs investigation. Employer fired him on March 12, 2004. The WCJ found that Worker's termination was "without good cause." Worker was unemployed until January 1, 2005, when he obtained employment with Cornell Corrections. The WCJ allowed Employer an offset for wages Worker received from his subsequent employer. *Id.* ¶¶ 2–3.

{3} Worker appealed that decision to the Court of Appeals, *id.* ¶ 3, which held that Employer was only entitled to an offset for wages and benefits that it provided, not for wages paid by a subsequent employer. *Id.* ¶ 18. Accordingly, the Court reversed the WCJ's compensation order and remanded for a recalculation of benefits. *Id.* ¶ 18. We denied Employer's conditional cross-petition to review that issue.

{4} The Court of Appeals also affirmed the portion of the WCJ's findings that Worker's job as a correctional officer required "medium" physical capacity, as defined by NMSA 1978, Section 52–1–26.4(C)(2) (1990, as amended through 2003), for purposes of determining Worker's residual physical capacity. *Moya,* 2007–NMCA–057, ¶ 26. Worker appealed, and we granted certiorari to review the Court of Appeals opinion on this issue alone. *Moya v. City of Albuquerque,* 2007–NMCERT–005, 141 N.M. 763, 161 P.3d 260.

## II. DISCUSSION

■ {5} Section 52–1–26.4 of the Workers' Compensation Act, NMSA 1978, §§ 52–1–1 to–70 (1929, as amended), governs the determination of a worker's physical capacity

modification for purposes of determining a worker's disability. The physical capacity modification is "based on a comparison of the usual and customary work the worker was performing prior to the injury, with the worker's physical capacity after the injury." *Rodriguez v. La Mesilla Constr. Co.,* 1997–NMCA–062, ¶ 28, 123 N.M. 489, 943 P.2d 136; *see also Levario v. Ysidro Villareal Labor Agency,* 120 N.M. 734, 736, 906 P.2d 266, 268 (Ct.App.1995). The WCJ found that Worker's usual and customary work as a correctional officer prior to injury required "medium" physical capacity, as defined in Section 52–1–26.4(C)(2). As he did before the Court of Appeals, Worker, in the instant appeal, relies on an exhibit containing a written job description of a correctional officer for the contention that his work should have been classified as "heavy." *See Moya,* 2007–NMCA–057, ¶ 23.

## A. Standard of Review

■ {6} All workers' compensation cases are reviewed under a whole record standard of review. *Levario,* 120 N.M. at 737, 906 P.2d at 269 (citing *Tallman v. ABF (Arkansas Best Freight),* 108 N.M. 124, 127, 767 P.2d 363, 366 (Ct.App.1988)). The physical capacity determination under Section 52–1–26.4 is an issue of fact, *Medina v. Berg Constr., Inc.,* 1996–NMCA–087, ¶ 24, 122 N.M. 350, 924 P.2d 1362, and we recognize that the fact finder has the prerogative to determine the weight and credibility to be given to testimony and evidence. *Levario,* 120 N.M. at 738, 906 P.2d at 270 (citing *Montano v. Saavedra,* 70 N.M. 332, 336, 373 P.2d 824, 826 (1962)). Our inquiry thus involves a review of "both favorable and unfavorable evidence to determine whether there is evidence that a reasonable mind could accept as adequate to support the conclusions reached by the fact finder." *Id.* at 737, 906 P.2d 266, 906 P.2d at 269 (citing *Tallman,* 108 N.M. at 128, 767 P.2d at 367).

## B. Worker's Job as a Correctional Officer Required "Heavy" Physical Capacity

{7} The evidence before the WCJ was a written job description of a correctional offi-

cer provided by Worker. *See Moya*, 2007–NMCA–057, ¶ 23. The job description contains three sections relevant to our determination, the same sections upon which the WCJ and the Court of Appeals focused. *Id.* ¶¶ 23–24. The section entitled "ESSENTIAL DUTIES" states that a correctional officer must have the "[a]bility to respond quickly to emergencies; including . . . carrying an injured or unconscious person various distances to safety, up or down stairs and ladders." The sections entitled "FREQUENCY" and "LIFTING" set forth the frequency with which a correctional officer must lift various weights: lifting one to ten pounds occurs 67% of the time; lifting eleven to twenty pounds occurs 34% to 66% of the time; lifting twenty-one to thirty-five pounds occurs 11% to 33% of the time; lifting thirty-six to fifty pounds occurs 1% to 10% of the time; and lifting more than fifty pounds occurs 1% to 10% of the time.

{8} For purposes of the physical capacity determination, work is deemed "heavy" when the worker must have "the ability to lift over fifty pounds occasionally or up to fifty pounds frequently." Section 52–1–26.4(C)(1). "Medium" work requires "the ability to lift up to fifty pounds occasionally or up to twenty-five pounds frequently." Section 52–1–26.4(C)(2).

{9} The Court of Appeals determined that "a correctional officer was required to lift up to thirty-five pounds frequently and more than thirty-five pounds rarely." *Moya*, 2007–NMCA–057, ¶ 24. As the Court of Appeals reasoned, "[t]he lifting requirements detailed by the exhibit establish that the vast majority of the lifting involved weight less than thirty-five pounds and that lifting more than thirty-five pounds was involved rarely, 10% of the time or less." *Id.* Therefore, the Court of Appeals concluded that Worker's work as a correctional officer required "medium" physical capacity. *Id.*

{10} Our review of the record leads to a different conclusion. According to the job description, Worker could have been required to lift more than fifty pounds 1% to 10% of the time and on an emergency basis when carrying injured or unconscious persons. Thus, Worker's job as a correctional officer required him to lift more than fifty

pounds at times. Regardless of how rarely that might have occurred, the capacity to lift more than fifty pounds was never contemplated by the statutory classification of "medium" physical capacity. *See* § 52–1–26.4(C)(2). " '[W]e will not read into a statute . . . language which is not there, particularly if it makes sense as written.' " *Cobb v. State Canvassing Bd.*, 2006–NMSC–034, ¶ 34, 140 N.M. 77, 140 P.3d 498 (quoting *Regents of Univ. of N.M. v. N.M. Fed'n of Teachers*, 1998–NMSC–020, ¶ 28, 125 N.M. 401, 962 P.2d 1236). Therefore, we conclude that substantial evidence does not support either the WCJ's or the Court of Appeals' conclusion that Worker's work as a correctional officer required only "medium" physical capacity. Rather, the evidence of record establishes that Worker's work required "heavy" physical capacity. *See* § 52–1–26.4(C)(1).

## III. CONCLUSION

{11} Our review of the whole record reveals that the evidence does not support the WCJ's determination that Worker's job as a correctional officer required only "medium" physical capacity. Rather, substantial evidence supports the conclusion that Worker's job required "heavy" physical capacity. Therefore, we reverse the Court of Appeals and remand to the WCJ for a recalculation of Worker's physical capacity modification in accordance with this Opinion.

{12} **IT IS SO ORDERED.**

WE CONCUR: EDWARD L. CHÁVEZ, Chief Justice, PETRA JIMENEZ MAES, RICHARD C. BOSSON, and CHARLES W. DANIELS, Justices.