This memorandum opinion was not selected for publication in the New Mexico Reports.  Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions.  Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**PEGGY ZAMORA,**

Worker-Appellant,

v.                                                            **NO.**   29,775

**EXCEL HOSPITALITY, INC., and**
**REPUBLIC INDEMNITY COMPANY OF**
**AMERICA,**

Employer/Insurer-Appellees.

**APPEAL FROM THE NEW MEXICO WORKERS' COMPENSATION ADMINISTRATION**
**Helen L. Stirling, Workers' Compensation Judge**

Rod Dunn
Rio Rancho, NM

for Appellant

Lisa T. Mack
Albuquerque, NM

for Appellees

**MEMORANDUM OPINION**

**BUSTAMANTE, Judge.**

Worker appeals from an order denying her claim for workers' compensation benefits, asserting that there was insufficient evidence to support the workers' compensation judge's (WCJ) determination that Worker failed to establish that her work-related injury caused her disability. In this Court's notice of proposed summary disposition, we proposed to affirm. Worker has timely responded with a memorandum in opposition. We have considered Worker's arguments, and as we are not persuaded by them, we affirm.

There was evidence presented at Worker's trial that Worker was hit in the knee by a laundry cart while at work on February 9, 2007. [RP 134 (¶¶ 10-11)] There was also evidence presented that on February 13, 2007, just a few days after the accident with the laundry cart, Worker injured herself while not at work when she fell on a patch of ice. [RP 140 (¶ 51)] In this Court's notice of proposed summary disposition, we proposed to hold that there was substantial evidence to support the WCJ's conclusion that Worker had not met her burden of proving that her disability was caused by her work-related injury of being hit by the laundry cart.

In her memorandum in opposition, Worker argues that there was no evidence that Worker actually injured herself when she slipped on the ice or that any injury resulting from the slip was to her knee, as opposed to some other body part. [MIO 1-5] In response to this argument regarding the quantum of evidence on the issue of whether Worker's injuries resulted from her non-work-related accident of slipping on

the ice, we note that Employer was not actually required to prove that the non-work-related slip caused Worker's disability; the burden of proof always remained with Worker to prove that it was her work-related accident with the laundry cart that caused her disability. *See* NMSA 1978, § 52-1-28(B) (1987) ("In all cases where the employer or his insurance carrier deny that an alleged disability is a natural and direct result of the accident, the worker must establish that causal connection as a probability by expert testimony of a health care provider, as defined in Section 52-4-1 NMSA 1978, testifying within the area of his expertise."); *Mayfield v. Keeth Gas Co.*, 81 N.M. 313, 315, 466 P.2d 879, 881 (Ct. App. 1970) ("The statute places the burden of persuasion upon the [Worker]. The statute did not shift the burden of persuasion once she introduced evidence which would have supported a finding in her favor. Even after the introduction of conflicting evidence [by the Employer], it remained her burden to convince the trial court of such causal connection as a medical probability." (Internal quotation marks and citation omitted)). The evidence of the non-work-related accident served only to call into question Worker's claim that her injuries were caused by the work-related accident. However, because this was apparently the only evidence that would have undermined Worker's evidence that her injuries were caused by the laundry cart, we examine it to see if it was sufficient to raise doubts that would

render Worker's theory sufficiently improbable that the WCJ could determine that Worker had failed to meet her burden of proof.

Evidence supporting a determination that Worker injured herself when she slipped on the ice included: Worker called into work saying that she was unable to come in as a result of the fall on the ice, Worker later told her friend and supervisor that she had not come into work as a result of the fall, and Worker did not begin limping until after the fall. [RP 140 (¶ 51), RP 144 (¶ 77), RP 145 (¶¶ 79-81)] Worker's story about what happened with the laundry cart varied over time and had a number of discrepancies, such that Worker's claim that her injuries were caused by the cart lacked credibility. [RP 146 (¶ 88)] All three doctors agreed that it would have been unusual for Worker to suffer the kind of injury she suffered as a result of being struck with the laundry cart, since the type of injuries she had were usually the result of some kind of rotation of the joint. [RP 146 (¶ 86)] Evidence supporting a determination that Worker hurt her knee (as opposed to some other body part) as a result of the fall on the ice included: Worker began limping and sought medical treatment for a knee injury after the fall. [RP 135 (¶ 20), 145 (¶¶ 79, 81)] All three doctors agreed that Worker's knee injuries could have been caused by her fall. [DS 2-3; RP 139 (¶ 44)]

3

As we conclude that this evidence was adequate to raise doubts about Worker's reports to her doctors that her injuries were caused by the laundry cart, and as we conclude that the WCJ could have properly found that it was more likely that Worker's injuries were actually caused by her fall on the ice, we hold that there was substantial evidence to support the district court's determination that Worker failed to meet her burden of proof that her disability was caused by her work-related accident. Worker points out that the physicians did not change their opinions that Worker's injuries were caused by the laundry cart, even when they were informed of Worker's fall on the ice. [MIO 4] However, the testimony of the experts indicated that their training requires them to rely on patients' self-reports about the causes of their injuries [RP 138 (¶ 41)], and where evidence of another accident was presented and all three doctors agreed that this other accident could have caused Workers' disability, the question of which accident caused Worker's injuries essentially came down to a determination in light of the surrounding evidence about whether Worker's self-reports to the physicians were credible. It was for the WCJ to make this credibility determination, and we will not reconsider it on appeal. *See Moya v. City of Albuquerque*, 2008-NMSC-004, ¶ 6, 143 N.M. 258, 175 P.3d 926 (filed 2007) (stating that it is for the WCJ as the fact finder to assess credibility and weigh the evidence); *Dewitt v. Rent-A-Center, Inc.*, 2009-NMSC-032, ¶ 12, 146 N.M. 453, 212

4

P.3d 341 ("Substantial evidence on the record as a whole is evidence demonstrating the reasonableness of [the WCJ's] decision, and we neither reweigh the evidence nor replace the fact finder's conclusions with our own." (citation omitted)). Therefore, for the reasons stated in this opinion and in our notice of proposed summary disposition, we affirm.

**IT IS SO ORDERED.**

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

**JAMES J. WECHSLER, Judge**

**TIMOTHY L. GARCIA, Judge**