This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**DOLORES SANCHEZ,**

Worker-Appellant,

v.                                                    **NO. 31,226**

**BEST WESTERN RIO GRANDE INN,**
**and HOSPITAL SERVICES CORP.,**

Employer/Insurer-Appellees.

**APPEAL FROM WORKERS' COMPENSATION ADMINISTRATION**
**Gregory D. Griego, Workers' Compensation Judge**

Michael J. Doyle
Los Lunas, NM

for Appellant

Yenson, Lynn, Allen & Wosick, P.C.
Phyllis Lynn
Albuquerque, NM

for Appellees

## MEMORANDUM OPINION

**WECHSLER, Judge.**

Appellant Dolores Sanchez (Worker) appeals from the workers' compensation judge's (WCJ) compensation order that provides her some relief, but provides in relevant part that not all of her injuries are work-related and that Worker's residual physical capacity was light rather than sedentary. [RP Vol. II/232] Our notice proposed to affirm, and Worker filed a timely memorandum in opposition pursuant to a granted motion for extension of time. We remain unpersuaded by Worker's arguments and therefore affirm.

In issue (A), Worker continues to argue that the WCJ erred in finding that her T12-L1 back injury, which the WCJ viewed as correlating to Worker's "low back complaints" [RP 213], was not causally related to her August 7, 2006, work injury. [DS 4; MIO 2-3; RP Vol. II/213-15, 232] As detailed in our notice, the WCJ considered the conflicting opinions of Drs. Patton and Schultz to determine whether Worker's T12-L1 back injury was work-related. [RP Vol. II/213; DS 2] In addition, the WCJ reviewed information in Worker's medical records to assess the conflicting opinions. [RP Vol. II/213] As discussed in our notice, the medical records supported the opinion of Dr. Schultz that Worker's T12-L1 injury was not causally related to her work accident. [RP Vol. II/213-15; DS 1-3] While Worker maintains that Dr. Schultz's opinion was based on incomplete information [MIO 2-3], it was the WCJ's prerogative to assess credibility and weigh the evidence, and determine that Worker's

T12-L1 back injury was not causally related to her work accident. *See generally Moya v. City of Albuquerque*, 2008-NMSC-004, ¶ 6, 143 N.M. 258, 175 P.3d 926 (stating that it is for the WCJ as the fact finder to assess credibility and weigh the evidence); *DeWitt v. Rent-A-Center, Inc.*, 2009-NMSC-032, ¶ 12, 146 N.M. 453, 212 P.3d 341 ("Substantial evidence on the record as a whole is evidence demonstrating the reasonableness of [the WCJ's] decision, and we neither re-weigh the evidence nor replace the fact finder's conclusions with our own." (citation omitted)).

In issue (B), Worker continues to argue that the WCJ erred in ruling that her residual physical capacity was light, rather than finding her capable only of sedentary activity. [DS 6; MIO 3; RP Vol. II/216, 232] As provided in our notice, as support for the WCJ's ruling, the July 23, 2009, functional capacity evaluation identified that Worker demonstrated lifting tolerance in the light level. [RP Vol. II/216] We recognize Worker's reliance on her treating physician's view that she was capable only of sedentary duty [DS 3; MIO 3], as well as Worker's position that the functional capacity evaluation did not consider all of the relevant medical records. [MIO 3] However, it was the WCJ's prerogative to rely on the functional capacity evaluation. *See Tom Growney Equip. Co. v. Jouett*, 2005-NMSC-015, ¶ 13, 137 N.M. 497, 113 P.3d 320 (explaining that "[w]here the testimony is conflicting, the issue on appeal is not whether there is evidence to support a contrary result, but rather whether the

3

evidence supports the findings of the trier of fact" (internal quotation marks and citation omitted)).

In issue (C), Worker continues to argue that the WCJ erred in ruling that Appellee (Employer) is not responsible for payment of Dr. Patton's second independent medical examination (IME). [DS 6; MIO 4; RP Vol. II/217, 231] Worker maintains that Employer should have been required to pay for the IME because an authorized healthcare provider referred her to Dr. Patton. [DS 6; MIO 4] As we explained in our notice, however, the determinative inquiry for whether the Employer should have been required to pay for the IME, however, is not whether an authorized healthcare provider referred Worker to Dr. Patton for the second IME, but instead whether such IME was agreed to or otherwise authorized by the WCJ. *See* NMSA 1978, § 52-1-51(A) (2005) ("In the event of a dispute between the parties . . . *if the parties cannot agree* upon the use of a specific independent medical examiner, either party *may petition a workers' compensation judge for permission* to have the worker undergo an independent medical examination.") (Emphasis added.) Because the second IME was not agreed to by the parties, nor authorized by the Workers' Compensation Administration [RP Vol. II/217], we affirm the WCJ's ruling that Employer did not have to pay for the second IME.

Lastly, we note that Worker's memorandum in opposition does not further

contest the WCJ's determination that her date of medical maximum improvement (MMI) was August 4, 2009, rather than December 12, 2009.  [DS 6; RP Vol. II/215, 232]  For the reasons provided in our notice, we affirm this determination.

Based on the foregoing discussion, as well as the reasoning set forth in our previous notice, we affirm.

**IT IS SO ORDERED.**

_____

**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____

**LINDA M. VANZI, Judge**

_____

**J. MILES HANISEE, Judge**