**Certiorari Denied, March 10, 2016, No. S-1-SC-35754**

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**Opinion Number: 2016-NMCA-031**

**Filing Date:   January 13, 2016**

**Docket No. 33,524**

**MANUEL VALENZUELA,**

> **Worker-Appellant,**

**v.**

**A.S. HORNER, INC. and MOUNTAIN
STATES MUTUAL CASUALTY COMPANY,**

> **Employer/Insurer-Appellees.**

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION
Shanon S. Riley, Workers' Compensation Judge**

Eaton & Eaton Law, P.C.
Kathryn L. Eaton
Los Ranchos, NM

for Appellant

The Law Offices of Robert Bruce Collins
Robert Bruce Collins
Holly R. Harvey
Julie A. Koschtial
Audra Davie
Albuquerque, NM

for Appellees

**OPINION**

**ZAMORA, Judge.**

**{1}**     Manuel Valenzuela (Worker) appeals a workers' compensation judge's (WCJ) order

rating his permanent impairment at zero percent. Worker argues that the WCJ erred in relying solely on an inadmissible independent medical examination (IME) report as the basis for determining that Worker reached maximum medical improvement (MMI) with an impairment rating of zero percent. As a matter of first impression, we must decide whether an IME report itself is admissible under any exception to the hearsay rule. We conclude that it is not and agree with Worker that admission of the IME report without supporting testimony was reversible error.

## I. BACKGROUND

{2} Worker suffered compensable injuries to his spine and right foot in the course and scope of his employment with A.S. Horner, Inc. on May 18, 2011. A.S. Horner was insured by Mountain States Mutual Casualty Co., Inc. (both referred to as Employer herein). Worker continued to work for Employer at a light duty restriction. Employer paid for the cost of treatment provided by Worker's authorized health care providers (HCPs). In March 2012 Dr. Thomas Whalen, Worker's treating physician and authorized HCP, referred Worker to Dr. Richard Miller for a consultation on the foot injury. Dr. Whalen also referred Worker to Dr. James Harrington for a consultation on the spine injury. Employer did not immediately authorize the referral to Dr. Miller, and denied the referral to Dr. Harrington.

{3} On April 13, 2012, Worker underwent a panel IME with Dr. Marjorie Eskay-Auerbach and Dr. Roya Mirmiran. The IME panel concluded that Worker reached MMI with respect to both his back and foot injuries on April 13, 2012.

{4} On May 23, 2012, Worker filed a complaint for workers' compensation benefits, disputing the findings of the IME report. Worker continued treatment with his HCP, who wrote a letter in June 2012 disputing the findings of the IME report and seeking authorization to refer Worker to Dr. Miller. On June 26, 2013, Worker saw Dr. Miller who determined that Worker would not likely benefit from surgical treatment, but that Worker would benefit from a "custom Plastazote insole" and accommodative shoes. Worker's employment was terminated on August 1, 2012, due to a workforce reduction. Worker received temporary total disability (TTD) payments beginning August 8, 2012.

{5} A formal hearing on Worker's claim was held on October 22, 2013. The deposition testimony of Dr. Whalen was admitted into evidence without objection. Dr. Whalen testified that Worker had not reached MMI and that an impairment rating could not be determined until MMI was reached. Employer offered the IME report as evidence, and the report was admitted over Worker's objection. The WCJ entered a compensation order on January 10, 2014, finding that Worker had a continuing need for medical care stemming from the work-related condition and that the custom insole and accommodative shoes recommended by Dr. Miller were reasonable and necessary medical care related to Worker's accident. Based on the IME report, the WCJ found that Worker reached MMI for his injuries on April 13, 2012 and that Worker had zero percent permanent physical impairment. Worker filed a motion for reconsideration and/or clarification of the compensation order regarding the WCJ's ruling

2

on Worker's MMI and permanent impairment rating. The WCJ did not reconsider the MMI or impairment ruling. This appeal followed.

## II.    DISCUSSION

{6}    Worker argues that Employer failed to authenticate or lay a sufficient foundation for the admission of the IME report, and the report therefore, constitutes inadmissible hearsay. Worker further argues that the WCJ erred in adopting the IME report, disregarding substantial admissible evidence contradicting the IME report's conclusions with respect to Worker's MMI and impairment rating.

### A.    Admissibility of Medical Evidence Under the Workers' Compensation Act

{7}    Once an employer has notice of a work-related accident, it is required under the Workers' Compensation Act, NMSA 1978, §§ 52-1-1 to -70 (1929, as amended through 2015) (the Act), to "provide the worker in a timely manner reasonable and necessary health care services from a health care provider." Section 52-1-49(A). In doing so, the employer is entitled to make the initial HCP selection or to permit Worker to make the selection. *See* Section 52-1-49(B). If there is a disputed medical issue, such as "the reasonableness or necessity of medical or surgical treatment, the date upon which [MMI] was reached, [or] the correct impairment rating for the worker, [and] the parties cannot agree upon the use of a specific independent medical examiner, either party may petition a workers' compensation judge for permission to have the worker undergo an [IME]." Section 52-1-51(A). "Only a[n HCP] . . . or [IME provider] may offer testimony at any workers' compensation hearing concerning the particular injury in question." *See* Section 52-1-51(C). Employer asserts that the IME report constitutes admissible medical testimony under Section 52-1-51(C). Worker concedes that if the report was not hearsay it could be considered medical testimony for the purposes of admissibility under the statute.

### B.    The IME Report Constitutes Inadmissible Hearsay

{8}    The parties do not dispute that an IME report constitutes hearsay. A hearsay statement consists of an out-of-court statement offered to prove the truth of the matter asserted. Rule 11-801(C) NMRA 2003. An out-of-court statement is inadmissible unless it is specifically excluded as non-hearsay under Rule 11-801(D) or falls within a recognized exception in the rules of evidence, *see, e.g.*, Rule 11-803 NMRA 2003, or is otherwise made admissible by rule or statute. Rule 11-802. This Court reviews the WCJ's determination of whether testimony is within exceptions to the hearsay rule for an abuse of discretion. *State v. Salgado*, 1999-NMSC-008, ¶ 5, 126 N.M. 691, 974 P.2d 661.

{9}    The Workers' Compensation Administration (WCA) has adopted by regulation the rules of evidence and rules of civil procedure for the district courts of New Mexico, and the rules apply to and govern proceedings within the adjudication of workers' compensation claims unless the regulations otherwise state or necessarily imply. *See* 11.4.4.13(K) NMAC

3

(10/1/2015). The regulations limit the presentation of medical testimony, barring the use of live testimony, unless ordered by the WCJ. 11.4.4.13(D)(1) NMAC ("Live medical testimony shall not be permitted, except by an order of the judge."). Instead, the WCA regulations provide that certain documents may be admitted into evidence without additional foundational testimony. Thus, "[a] form letter to [an] HCP, completed by an authorized HCP may be admitted into evidence." 11.4.4.13(D)(2) NMAC. In addition, "[d]eposition testimony of authorized HCPs shall be admissible, in lieu of live testimony." 11.4.4.13(E)(4) NMAC. The regulations limit admissibility of documents to these two circumstances and do not provide for admission of any other documentary evidence as an exception to the hearsay rule. In contrast, the WCA regulations are silent with regard to the admission of an IME provider's written evaluation report. Thus, the rules of evidence govern the admissibility of the IME report.

**{10}** We agree with Worker that under the rules of evidence the IME report is inadmissible hearsay. *See* Rule 11-801(C) NMRA (providing that an out of court statement that is offered in evidence to prove the truth of the matter asserted in the statement constitutes hearsay); Rule 11-802 NMRA (stating that hearsay is inadmissible in the absence of a specific exception). Employer offered the IME report as evidence of the truth of the assertion that Worker had reached MMI with an impairment rating of zero percent, and therefore was hearsay. Employer does not argue that the IME report is admissible under any exception and we see no basis for admitting the report without implicating Worker's right to due process. *See Camino Real Mobile Home Park P'ship v. Wolfe*, 1995-NMSC-013, ¶ 37, 119 N.M. 436, 891 P.2d 1190 ("Hearsay statements are generally considered to be unreliable because they are not given under oath and cannot be tested by cross-examination to determine the truthfulness of the declarant."), *overruled on other grounds by Sunnyland Farms, Inc. v. Cent. N.M. Elec. Coop*, 2013-NMSC-017, ¶¶ 14, 16, 301 P.3d 387; *Ennen v. Sw. Potash Co.*, 1959-NMSC-025, ¶¶ 16, 22, 65 N.M. 307, 336 P.2d 1062 (holding that two doctors' reports admitted to show a worker's decreased impairment rating constituted inadmissible hearsay, explaining that "[i]t would not require the citation of authority to support the proposition that a witness may not give testimony in a cause unless he is placed under oath and the other party is given an opportunity to cross-examine him"); *Waldroop v. Driver-Miller Plumbing & Heating Corp.*, 1956-NMSC-081, ¶¶ 21-22, 61 N.M. 412, 301 P.2d 521 (affirming the exclusion of a written medical report in a workers' compensation hearing; stating that "[i]t requires no citation of authority to show that the excluded testimony is clearly hearsay"); *see also State ex rel. Battershell v. City of Albuquerque*, 1989-NMCA-045, ¶¶ 17-18, 108 N.M. 658, 777 P.2d 386 (recognizing that administrative proceedings adjudicating substantial rights are bound by fundamental principles of justice and procedural due process, which require that testifying witnesses be sworn and be subject to cross-examination).

**{11}** We see no basis for creating an exception where none exists. We hold that an IME report admitted as stand-alone evidence concerning a worker's medical condition constitutes hearsay subject to no exceptions in the rule, statutes or regulations. Accordingly, the WCJ erred in admitting the IME in this case and relying solely on it as a basis for determining that

Worker reached maximum medical improvement with a zero percent impairment rating.

**{12}** We recognize that a doctor's unsworn written evaluation report does not fit the traditional definition of testimony. *See Black's Law Dictionary* 1704 (10th ed. 2014) (defining "testimony" as "[e]vidence that a competent witness under oath or affirmation gives at trial or in an affidavit or deposition"). We also note that New Mexico case law does not clearly establish that documentary evidence, such as medical records and doctor's reports, constitutes medical testimony under Section 52-1-51(C). In *Lopez v. City of Albuquerque*, 1994-NMCA-122, 118 N.M. 682, 884 P.2d 838, this Court stated that under Section 52-1-51(C) the rule is "that only authorized health care providers may give *evidence*," implying that the Section 52-1-51(C) limitation applies to any medical evidence instead of just medical testimony. *Lopez*, 1994-NMCA-122, ¶ 12 (emphasis added). This statement of the rule was recently cited with approval by our Supreme Court in *Dewitt v. Rent-A-Center, Inc.*, 2009-NMSC-032, ¶ 33, 146 N.M. 453, 212 P.3d 341. However, we also stated in *Lopez* that medical records from a provider who was neither an HCP nor an IME provider were inadmissible, since the provider "was not one of the only two types of [HCP]s which may provide *testimony* at compensation hearings [under Section 52-1-51(C)]." *Lopez*, 1994-NMCA-122, ¶ 13 (emphasis added). In *Jurado v. Levi Strauss & Co.*, 1995-NMCA-129, 120 N.M. 801, 907 P.2d 205, we interpreted this statement in *Lopez* as a presupposition that medical records constitute testimony under Section 52-1-51(C). *Jurado*, 1995-NMCA-129, ¶ 23. Based on our reading of *Lopez*, we held a doctor's written evaluation report also constituted testimony, such that it was subject to the statute's limitation on the types of medical testimony admissible at the compensation hearing. *Jurado*, 1995-NMCA-129, ¶ 24. Because the outcome in this case does not turn on whether the IME report at issue is considered testimony or documentary evidence, but rather on whether the report is inadmissible hearsay, we need not address any inconsistency or ambiguity in these decisions.

## C. Lack of Substantial Evidence To Support WCJ's Compensation Order

**{13}** We review the findings of the WCJ "under a whole record standard of review." *Moya v. City of Albuquerque*, 2008-NMSC-004, ¶ 6, 143 N.M. 258, 175 P.3d 926. Whole record review involves a review of all the evidence bearing on the WCJ's decision in order to determine if there is substantial evidence to support the result. *See Leonard v. Payday Prof'l*, 2007-NMCA-128, ¶ 10, 142 N.M. 605, 168 P.3d 177. "We view the evidence in the light most favorable to the decision[.]" *Dewitt v. Rent-A-Ctr., Inc.*, 2009-NMSC-032, ¶ 12, 146 N.M. 453, 212 P.3d 341. "Substantial evidence on the record as a whole is evidence demonstrating the reasonableness of an agency's decision," and we will not "reweigh the evidence nor replace the fact[-]finder's conclusions with our own." *Id.* (citation omitted). "Where the testimony is conflicting, the issue on appeal is not whether there is evidence to support a contrary result, but rather whether the evidence supports the findings of the trier of fact." *Tom Growney Equip. Co. v. Jouett*, 2005-NMSC-015, ¶ 13, 137 N.M. 497, 113 P.3d 320 (internal quotation marks and citation omitted).

**{14}** Here, neither Worker nor Employer disputes that the only evidence supporting the

WCJ's determination that Worker reached MMI, with an impairment rating of zero percent, was the inadmissible IME report. Aside from the report, the only evidence relevant to Worker's MMI and impairment rating was the deposition testimony of Dr. Whalen. *See Smith v. Cutler Repaving*, 1999-NMCA-030, ¶ 10, 126 N.M. 725, 974 P.2d 1182 ("Key to determining MMI is expert medical testimony regarding whether the injured worker is more likely than not to recover further." (internal quotation marks and citation omitted)). According to Dr. Whalen, Worker had not yet reached MMI, so the level of Worker's impairment could not be assessed. After a review of all the admissible evidence, there is no evidence to support the WCJ's decision. We conclude that there is no substantial evidence in the record to support the WCJ's conclusions concerning Worker's MMI and impairment rating.

## III.    CONCLUSION

**{15}**    Based on the foregoing reasons, we reverse the WCJ's compensation order.

**{16}    IT IS SO ORDERED.**

_____
                            **M. MONICA ZAMORA, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**LINDA M. VANZI, Judge**

6