This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**JOSE CARBAJAL,**

Worker-Appellant,

v.                                                                 **NO. A-1-CA-35263**

**PLAZA LATHING AND PLASTERING,**
**LLC and NEW MEXICO MUTUAL,**

Employer/Insurer-Appellees.

**APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION**
**Reginald C. Woodard, Workers' Compensation Judge**

Garcia Law Office
Narciso Garcia, Jr.
Albuquerque, NM

for Appellant

Miller Stratvert P.A.
Timothy R. Briggs
Dan A. Akenhead
Albuquerque, NM

for Appellees

**MEMORANDUM OPINION**

**ATTREP, Judge.**

{1}      Worker Jose Carbajal injured his back in a work-related accident in 2009. Worker, Employer Plaza Lathing and Plastering, LLC, and Insurer New Mexico Mutual Casualty Company entered into a settlement agreement in 2010 (the Settlement Agreement) that, among other things, entitled Worker to certain medical benefits. In 2015, after an independent medical examination (IME), the Workers' Compensation Judge (the WCJ) entered an order (the 2015 Order) denying Worker's claim for further medical benefits under the Workers' Compensation Act (the Act), NMSA 1978, §§ 52-1-1 to -70 (1929, as amended through 2017), as not reasonable, necessary, or causally related to Worker's accident. Worker appeals the WCJ's 2015 Order and argues that the WCJ erred on two grounds: (1) by permitting Employer/Insurer to impermissibly modify the Settlement Agreement, and (2) by finding that Worker's ongoing medical care was not reasonable, necessary, or causally related to his work accident. With respect to the first claim, we hold that Employer/Insurer did not modify the Settlement Agreement. With respect to the second claim, we hold that the WCJ's findings are supported by substantial evidence. We, therefore, affirm the WCJ's 2015 Order.

**BACKGROUND**

{2}      Worker injured his back on January 6, 2009, while working for Employer. The parties settled Worker's workers' compensation claim against Employer/Insurer, and on December 15, 2010, the WCJ entered an order (the 2010 Order) approving the

2

Settlement Agreement, pursuant to NMSA 1978, Section 52-5-12(D) (2009). The Settlement Agreement specified that Employer/Insurer pay Worker a lump sum of $32,500 in exchange for his waiver of any and all past, present, and future disability benefits. The Settlement Agreement and the 2010 Order provided that Worker was entitled to future medical benefits that were reasonable, necessary, and causally related to his work accident, and that the issue of medical benefits remain open pursuant to the Act. The Settlement Agreement further provided that "Worker has had long standing physical problems unrelated to his alleged work related accident [and that a]ccording to the physicians who have treated . . . Worker subsequent to his alleged work related accident of January [6], 2009, Worker has been diagnosed as having suffered an aggravation of his pre-existing problems."

{3}    In 2013, Employer/Insurer filed an application for an IME "[t]o address [Worker's] utilization of medical care." The WCJ granted the application, and Worker underwent an IME. The IME panel, Doctors Juliana Garcia and Mark Crawford, concluded that the January 6, 2009 accident "exacerbated" Worker's "pre-existing chronic low back pain," which had since "returned to baseline." The IME panel found that Worker's ongoing medical care was not reasonable, necessary, or causally related to his 2009 work accident. Following the IME report, Employer/Insurer notified Worker it was no longer responsible for his ongoing medical treatment. Worker then filed a complaint seeking, in relevant part, continuing medical care.

3

{4} The WCJ held a hearing and considered the deposition testimony of the IME doctors and Worker's treating physician, as well as Worker's testimony. After the hearing, the WCJ determined that Worker was not entitled to further medical care for his complaints of back and lower extremity pain. The WCJ specifically found that Worker (1) had "a long history of degenerative changes and pain in his back" and "pre-existing lower back pain" before his January 6, 2009 accident, and (2) did not require any medical treatment that was "causally connected to or reasonably and necessarily related to" the injuries sustained from the work accident. Accordingly, the WCJ entered the 2015 Order dismissing Worker's claim for medical benefits with prejudice. Worker timely filed his notice of appeal from the 2015 Order.

**DISCUSSION**

**I.      Employer/Insurer Has Not Modified the Settlement Agreement**

{5} Worker contends that the parties entered into a binding agreement that he suffered a permanent aggravation of a pre-existing back condition, and that he was entitled to reasonable and necessary medical care for the aggravation. Worker argues that Employer/Insurer impermissibly modified the Settlement Agreement by later maintaining that Worker's condition returned to baseline and by discontinuing medical care.

**A.      Judicial Estoppel and Law of the Case Do Not Apply**

4

**{6}** Worker invokes the doctrines of judicial estoppel and law-of-the-case to argue that Employer/Insurer is precluded from changing the position it purportedly took in the Settlement Agreement—i.e., that Worker suffered from a permanent aggravation of a pre-existing back condition. Employer/Insurer argues that Worker failed to preserve his judicial estoppel and law-of-the-case arguments. We agree. Worker did not argue the applicability of these doctrines to the WCJ and raises them for the first time on appeal. As such, these arguments are not preserved. *See* Rule 12-321(A) NMRA; *Wolfley v. Real Estate Comm'n*, 1983-NMSC-064, ¶ 5, 100 N.M. 187, 668 P.2d 303 ("[I]ssues not raised in administrative proceedings will not be considered for the first time on appeal."); *Woolwine v. Furr's, Inc.*, 1987-NMCA-133, ¶ 20, 106 N.M. 492, 745 P.2d 717 ("To preserve an issue for review on appeal, it must appear that appellant fairly invoked a ruling of the [lower] court on the same grounds argued in the appellate court.").

**{7}** Regardless, the doctrines of judicial estoppel and law-of-the-case are inapplicable here. Judicial estoppel does not apply where, as here, the parties entered into a settlement agreement and no judgment was entered in favor of the party against whom estoppel is asserted. *See Sw. Steel Coil, Inc. v. Redwood Fire & Cas. Ins. Co.*, 2006-NMCA-151, ¶ 19, 140 N.M. 720, 148 P.3d 806. Likewise, because there was a settlement, the WCJ did not decide any pertinent issue of law that should be given preclusive effect under the law-of-the-case doctrine. *See Cordova v. Larsen*, 2004-

NMCA-087, ¶ 10, 136 N.M. 87, 94 P.3d 830 ("Under the law of the case doctrine, a decision on an issue of law made at one stage of a case becomes a binding precedent in successive stages of the same litigation." (internal quotation marks and citation omitted)); *cf. State ex rel. Martinez v. Kerr-McGee Corp.*, 1995-NMCA-041, ¶ 14, 120 N.M. 118, 898 P.2d 1256 (noting that "settlements and consent judgments are not normally considered fertile ground for issue preclusion").

**B.      Worker Preserved His Settlement Modification Argument**

{8}      Even though Worker did not preserve his judicial estoppel and law-of-the-case arguments for review on appeal, he did preserve his broader argument that Employer/Insurer impermissibly modified the Settlement Agreement. Worker invoked a ruling by the WCJ on the same settlement modification issue he now asserts on appeal. In particular, whether Employer/Insurer sought to modify the Settlement Agreement was a disputed issue in the pretrial order. Worker also requested that the WCJ enter a finding that "[t]he parties entered into a binding settlement agreement establishing that [W]orker suffered an aggravation of his pre-existing condition[, and t]he parties further agreed that Worker was entitled to continuing reasonable and necessary medical care [f]or this aggravation." Worker "fairly invoked" a ruling by the WCJ on the settlement agreement modification issue and, thus, successfully preserved this issue for appeal. *See* Rule 12-321(A); *Wolfley*, 1983-NMSC-064, ¶ 5; *Woolwine*, 1987-NMCA-133, ¶ 20.

## C.    The Settlement Agreement Was Not Modified

{9}    Worker and Employer/Insurer agreed to a binding contract in the form of a Section 52-5-12(D) lump-sum settlement agreement. Worker contends that the Settlement Agreement included binding stipulations that he suffered a permanent aggravation of a pre-existing chronic back condition and that he was entitled to ongoing medical care for the aggravation. As such, Worker argues that Employer/Insurer impermissibly modified the Settlement Agreement by maintaining that Worker's condition returned to baseline and by subsequently discontinuing Worker's medical benefits. Employer/Insurer argues that it properly discontinued medical benefits, pursuant to the terms of the Settlement Agreement and 2010 Order approving it, after the IME panel determined Worker's medical treatment was not reasonable, necessary, or causally connected to his work accident. "We review a [lower] court's interpretation of an unambiguous contract de novo." *Smith & Marrs, Inc. v. Osborn*, 2008-NMCA-043, ¶ 10, 143 N.M. 684, 180 P.3d 1183 (internal quotation marks and citation omitted); *see Lenscrafters, Inc. v. Kehoe*, 2012-NMSC-020, ¶ 18, 282 P.3d 758 (recognizing that "a contract is deemed ambiguous only if it is reasonably and fairly susceptible of different constructions" (alteration, internal quotation marks, and citation omitted)).

{10}    Contrary to Worker's contentions, the Settlement Agreement did not make a binding determination that his injuries were a "permanent aggravation" of his pre-

7

existing back condition. Instead, the Settlement Agreement only recited that, according to physicians who treated him after the January 6, 2009 accident, "Worker ha[d] been diagnosed as having suffered an aggravation of his pre-existing [back] problems." The WCJ correctly determined that "[t]he mere recitation as to Worker's perceived medical status on [the date of the settlement] does not prohibit the parties from inquiring into [Worker's] medical status at a later date." The Settlement Agreement and the 2010 Order additionally made plain that Worker was only entitled to "reasonable and necessary medical care relating to [his] alleged [work] accident . . . pursuant to the . . . Act." The 2010 Order specifically subjected both parties to NMSA 1978, Section 52-1-51 (2005, amended 2013), which provides that contested medical issues be resolved by way of an IME. As such, the WCJ was correct in interpreting the Settlement Agreement as leaving "medical benefits open for reasonable and necessary medical care, causally related to Worker's January 6, 2009 accident."

{11}     Given the plain terms of the Settlement Agreement and the 2010 Order, Employer/Insurer was within its rights to contest Worker's ongoing medical treatment, request an IME, and refuse to pay medical benefits that were not reasonable, necessary, or causally connected to the work accident. Worker's argument that Employer/Insurer modified the Settlement Agreement is without merit.

**II.    Substantial Evidence Supports the WCJ's Findings That Worker's Medical Care Was Not Reasonable, Necessary, or Causally Related to His Work Accident**

8

{12} Worker next argues that there is insufficient evidence to support the WCJ's findings that Worker is not entitled to further medical care. Under the Act, Worker has the burden to establish that the requested medical care is reasonable, necessary, and causally connected to the work accident. *See* §§ 52-1-28(B), -49(A); *Davis v. Los Alamos Nat'l Lab.*, 1989-NMCA-023, ¶ 4, 108 N.M. 587, 775 P.2d 1304 ("Claimant has the burden of showing that the [medical] expenses were both reasonable and necessary."); *Hernandez v. Mead Foods, Inc.*, 1986-NMCA-020, ¶ 23, 104 N.M. 67, 716 P.2d 645 (holding that "the medical benefits for which recovery is sought must be incidental to and a concomitant part of the injury sustained in a work-related accident").

{13} We review the WCJ's 2015 Order "under a whole record standard of review." *Moya v. City of Albuquerque*, 2008-NMSC-004, ¶ 6, 143 N.M. 258, 175 P.3d 926. "Whole record review contemplates a canvass by the reviewing court of all the evidence bearing on a finding or decision, favorable and unfavorable, in order to determine if there is substantial evidence to support the result." *Leonard v. Payday Prof'l*, 2007-NMCA-128, ¶ 10, 142 N.M. 605, 168 P.3d 177 (alteration, internal quotation marks, and citation omitted). "Substantial evidence on the record as a whole is evidence demonstrating the reasonableness of an agency's decision, and we neither reweigh the evidence nor replace the fact finder's conclusions with our own." *Dewitt v. Rent-A-Ctr., Inc.*, 2009-NMSC-032, ¶ 12, 146 N.M. 453, 212 P.3d 341 (citation

9

omitted). "We view the evidence in the light most favorable to the decision[.]" *Id.* "We will affirm the agency's decision if, after taking the entire record into consideration, there is evidence for a reasonable mind to accept as adequate to support the conclusion reached." *Leonard*, 2007-NMCA-128, ¶ 10 (internal quotation marks and citation omitted).

**{14}** Worker argues that the WCJ's decision "rests entirely on" the conclusions in the IME report, which Worker contends were based largely on a dating error contained within his medical records. Worker's argument is without merit. First, Worker ignores evidence in the record that, when made aware of these dating inconsistencies, both IME panel doctors testified that these errors did not change their medical opinions that Worker's medical care was not reasonable, necessary, or causally related to his work accident. Second, Worker ignores the testimony of his own physician, who agreed with the IME panel that Worker's current need for medical care was not causally connected to the work accident. The WCJ was bound by this uncontroverted expert medical testimony. *See* § 52-1-28(B); *Romero v. City of Santa Fe*, 2006-NMCA-055, ¶ 26, 139 N.M. 440, 134 P.3d 131 ("[T]he uncontroverted medical evidence rule . . . dictates that where expert medical testimony regarding the causal connection between disability and accident in a workers' compensation case is uncontroverted, that testimony is binding on the trier of fact." (internal quotation marks and citation omitted)). Finally, expert testimony from the

IME panel doctors supports the WCJ's findings that Worker failed to meet his burden of proof on the reasonableness and necessity of his medical care. In particular, the IME panel doctors opined that Worker's back condition had returned to baseline and, as such, no medical treatment was reasonably and necessarily related to his work accident.

{15}    Upon a whole record review, we conclude that substantial evidence supports the WCJ's determination that Worker is not entitled to further medical care.

**CONCLUSION**

{16}    For the foregoing reasons, we affirm the WCJ's 2015 Order.

{17}    **IT IS SO ORDERED.**


_____
**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**


_____
**J. MILES HANISEE, Judge**


_____
**EMIL J. KIEHNE, Judge**