| MENDEZ V. MCDONALDS |
| --- |

This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**RAMONA MENDEZ,**
**Worker-Appellant/Cross-Appellee,**
**v.**
**McDONALDS and FOOD INDUSTRY**
**SELF-INSURANCE FUND,**
**Employer/Insurer-Appellees/Cross-Appellants.**

NO. A-1-CA-37197

COURT OF APPEALS OF NEW MEXICO

January 31, 2019

APPEAL FROM THE WORKERS' COMPENSATION ADMINISTRATION, Leonard J. Padilla, Workers' Compensation Judge

**COUNSEL**

Peter D. White, Santa Fe, NM, for Appellant/Cross-Appellee

Paul L. Civerolo, L.L.C., Paul L. Civerolo, Albuquerque, NM, for Appellees/Cross-Appellants

**JUDGES**

LINDA M. VANZI, Judge. WE CONCUR: J. MILES HANISEE, Judge, JENNIFER L. ATTREP, Judge

**AUTHOR:** LINDA M. VANZI

**MEMORANDUM OPINION**

**VANZI, Judge.**

**{1}** Worker appeals and Employer/Insurer cross appeals from a compensation order. We previously issued two notices of proposed summary disposition in which we

proposed to uphold the WCJ's determinations. Both Worker and Employer/Insurer have filed a memorandum in opposition. After due consideration, we remain unpersuaded by the assertions of error. We therefore affirm.

**{2}** Because the relevant background information and authorities have previously been set forth, we will avoid undue reiteration here, and focus instead on the content of the parties' responsive memoranda.

**{3}** We will begin with Worker's memorandum in opposition, in which she continues to argue that the WCJ erred in the assignment of skills points. [W MIO 1-3] Worker previously asserted that the evidence was insufficient to establish that she successfully performed the vocation of hotel housekeeper, as defined by the U.S. Department of Labor's Dictionary of Occupational Titles, and as such, Worker has argued that the WCJ's application of six skills points was erroneous. We previously accepted Worker's assertion relative to the evidence presented below. [2nd CN 3] Nevertheless, as we observed in the second notice of proposed summary disposition, the evidence that Worker successfully performed the vocation of a fast food cook supports the same result. [2nd CN 3-4] *See generally Hawkins v. McDonald's*, 2014-NMCA-048, ¶ 23, 323 P.3d 932 ("[W]e [may] affirm the award of modifier-based PPD benefits under the right for any reason doctrine."). In her memorandum in opposition Worker contends that our reliance upon this alternative basis for affirmance is improper because the WCJ did not enter specific findings on this and because the evidence was conflicting. [W MIO 2-3] We are unpersuaded. Under the right for any reason doctrine, we may affirm the compensation order on grounds not relied upon by the WCJ if those grounds do not require us to look beyond the factual allegations that were raised and considered below. *Id.* (citing *State v. Vargas*, 2008-NMSC-019, ¶ 8, 143 N.M. 692, 181 P.3d 684). *See generally Flemma v. Halliburton Energy Servs., Inc.*, 2013-NMSC-022, ¶ 13, 303 P.3d 814 ("Where the issue to be determined rests upon interpretation of documentary evidence, this Court is in as good a position as the trial court to determine the facts and draw its own conclusions." (internal quotation marks and citation omitted)). The record before us clearly reflects that Worker's performance of the vocation of fast food cook was raised and considered below. [RP 109, 131, 141] Moreover, Worker's own proposed findings of fact reflect that she worked as "crew person" at a fast food restaurant, where her duties included "frying food, grilling food, and working on the kitchen's assembly line." [RP 109] This is consistent with the job of fast food cook, as described in the Dictionary of Occupational Titles, DOT 313.374-010 (describing a fast food cook as one who "[p]repares and cooks to order foods requiring short preparation time"). We do not hesitate to hold Worker to the position that she took on this matter below. *See generally Cordova v. Taos Ski Valley, Inc.*, 1996-NMCA-009, ¶¶ 13-14, 121 N.M. 258, 910 P.2d 334 (describing the function of proposed findings and explaining that they narrow the scope of the issues and arguments that will be considered on appeal). Although Worker contends that her duties were more consistent with the job of a "fast-foods worker," DOT 311.472-010, [W MIO 2] the Dictionary of Occupational Titles defines that to principally entail taking customer orders, depressing keys of multicounting machines, selecting requested food items from serving or storage areas, and assembling them on serving trays or in takeout bags. This is not consistent

Worker's own description of her duties. [RP 109] We therefore reject Worker's position, and we uphold the WCJ's ultimate assignment of skills points on the alternative grounds previously discussed.

**{4}** We turn next to Employer/Insurer's memorandum in opposition, in which it continues to argue that the WCJ erred in characterizing Worker's usual and customary work as heavy. [E/I MIO 1-7] Employer/Insurer asserts that Worker's usual and customary work is more appropriately regarded as medium-duty, principally because she performed medium-duty work for a longer period of time. [Id.] We agree that the WCJ could have arrived at the determination Employer/Insurer advocates; however, that is not the nature of our inquiry on appeal. *Medina v. Berg Constr., Inc.*, 1996-NMCA-087, ¶ 19, 122 N.M. 350, 924 P.2d 1362 ("[T]he issue on appeal is whether the finding made by the WCJ is supported by substantial evidence, not whether the evidence would have supported different findings."). As we previously observed, [2nd CN 5] evidence was also presented that Worker was required to lift objects weighing 50 poundsas a regular component of one of the jobs that she held for years; and as such, Worker had significant employment history performing heavy work. [RP 165] The WCJ was at liberty to duly consider this. *See Levario v. Ysidro Villareal Labor Agency*, 1995-NMCA-133, ¶ 14, 120 N.M. 734, 906 P.2d 266 (explaining that in this context, the WCJ may consider the worker's entire work history). And ultimately, given the factual nature of the inquiry, as well as the standard of review, we conclude that the WCJ's determination is affirmable. *See generally Moya v. City of Albuquerque*, 2008-NMSC-004, ¶ 6, 143 N.M. 258, 175 P.3d 926 ("The physical capacity determination . . . is an issue of fact and . . . the fact finder has the prerogative to determine the weight and credibility to be given to testimony and evidence." (citations omitted)).

**{5}** Accordingly, for the reasons stated, we affirm.

**{6} IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**JENNIFER L. ATTREP, Judge**